IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KARL WISE,                                      Civil No. 07-6342-AA
                                                OPINION AND ORDER

        Plaintiff,

  vs.

SWIFT TRANSPORTATION CO., INC.,
a foreign corporation;
INTERSTATE EQUIPMENT LEASING
INC., an Arizona corporation;
and BRUCE MARK PISTONE,

        Defendants.

  vs.

SWIFT TRANSPORTATION CO., INC.,
a foreign corporation;
INTERSTATE EQUIPMENT LEASING
INC., an Arizona corporation;
and BRUCE MARK PISTONE,

        Third-Party Plaintiffs,

  vs.

SPECIALIZED TRANSPORTATION,
INC., an Indiana corporation;
and STEVEN RODNEY MURRAY,

Page 1 - OPINION AND ORDER

                Third-Party Defendants

        vs.

STEVEN RODNEY MURRAY,

                Third-Party Defendant/
                Counterclaim Plaintiff,

        vs.

SWIFT TRANSPORTATION CO., INC.,
a foreign corporation;
INTERSTATE EQUIPMENT LEASING
INC., an Arizona corporation;
and BRUCE MARK PISTONE,

                Third-Party Plaintiffs/
                Counterclaim Defendants

---

Arthur C. Johnson
Michele C. Smith
Johnson, Clifton, Larson & Schaller, P.C.
975 Oak Street, Suite 1050
Eugene, Oregon 97401
        Attorneys for plaintiff

Frank A. Moscato
JoLynn M. Brown
C. Robert Steringer
Harrang Long Gary Rudnick P.C.
1001 SW Fifth Ave., 16th Floor
Portland, Oregon 97204
        Attorneys for Defendants,
        Third-Party Plaintiffs, and
        Counterclaim Defendants

Wendy M. Kent
Law Office of Wendy M. Kent
1001 SW Fifth Avenue, Suite 1405
Portland, Oregon 97204
        Attorney for Third-Party Defendants

AIKEN, Judge:

        Third-Party defendants Specialized Transportation, Inc.

Page 2 - OPINION AND ORDER

("STI") and Rodney Murray filed a motion for summary judgment asserting that they are entitled to judgment as a matter of law. Third-Party defendants' motion is granted.

## BACKGROUND

Plaintiff, Karl Wise, filed suit against defendants Bruce Pistone, Interstate Equipment Leasing, Inc. (IEL), and Swift Transportation Co., Inc. (Swift) for personal injuries arising out of a tractor-trailer accident that occurred on February 10, 2007, near Pendleton, Oregon, on Interstate 84. Pistone drove the tractor-trailer for IEL, the owner-operator of the tractor-trailer, who leased its truck to Swift, the motor carrier, for interstate transportation of goods. Plaintiff Wise was a co-driver sitting in the passenger seat in a truck operated by Steven Murray when Murray's truck collided with Piston's truck after Pistone had stopped, blocking the right lane of the freeway. Both Murray and Wise were employees of CK Trucking, who had leased its truck to STI to haul STI trailers. Subsequently, Swift and Pistone, as Third-Party Plaintiffs, filed a Counterclaim against STI and Murray for contribution and indemnity. In turn, Murray filed a Counterclaim against Swift, IEL, and Piston.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

DISCUSSION

Third-Party defendants argue that they are entitled to

Page 4 - OPINION AND ORDER

summary judgment on third-party plaintiffs Swift Transportation, Interstate Equipment Leasing and Pistone's claims for indemnity and contribution filed against them.  I agree.

Third-party plaintiffs first argue that Oregon workers' compensation law applies to their claims for indemnity and contribution.  Under Oregon law, "[a]ny worker from another state and the employer of the worker in that other state are exempted from the provisions of [Oregon workers' compensation law] while that worker is temporarily within this state doing work for the employer," so long as a three prong test is satisfied.  Or. Rev. Stat. 656.126(2)(a)(c).  First, the employer of the worker from the other state must have furnished workers' compensation insurance coverage for the worker under the applicable laws of the other state so as to cover the worker's employment while temporarily in Oregon.  Id.  Second, the extraterritorial provisions of the Oregon worker compensation scheme must be recognized in that other state.  Id.  Finally, employers and workers covered in Oregon must likewise be exempted from the workers compensation scheme of the other state.  Id.  When these three prongs are met, the benefits under the worker compensation scheme of the other state are the exclusive remedy against the employer for any injuries received by the worker while working for that employer in Oregon.  Id.  Here, all three prongs are satisfied.  CK Trucking, a Nevada corporation, furnished workers'

Page 5 - OPINION AND ORDER

compensation insurance to its employees Wise and Murray through Transguard Insurance Company pursuant to Nevada law. This policy was in effect at the time of the accident in Oregon and Wise has received workers' compensation benefits paid pursuant to that policy and Nevada law. Further, the extraterritorial provisions of both Oregon and Nevada worker compensation law satisfy the reciprocity requirements of Or. Rev. Stat. 656.126(2)(b) and (c). There is no dispute that Oregon and Nevada have ongoing agreements of reciprocity. Therefore, Oregon law requires the application of the Nevada worker compensation scheme as the exclusive remedy available to defendant for their alleged claims of indemnity and contribution.

Moreover, Oregon case law supports the application of the Nevada workers compensation scheme to defendants' claims for indemnity and contribution. In <u>Allen v. American Hardwoods</u>, two long haul truck drivers employed and insured by an Oregon corporation were involved in a collision while working in Michigan. The Oregon Workers Compensation Board determined that, although the claimant's right to tort recovery must be governed by Michigan law, the determination of the workers compensation carrier's subrogation rights are governed by Oregon law. 102 Or. App. 562, 566, 795 P.2d 592 (1990). The court affirmed and held:

> The local law of the state under whose workmans' compensation statue an employee has received an award for an injury determines what interest the [insurance carrier] who paid the award has in

Page 6 - OPINION AND ORDER

>      any recovery for tort or wrongful death that the
> employee may obtain against a third person on
> account of the same injury . . . . As to third
> party actions, if compensation has been paid in a
> foreign state and suit is brought against a third
> party in the state of injury, the substantive
> rights of the employee, the subrogated insurance
> company and the employer are ordinarily held
> governed by the law of the foreign state.

Id. at 566-67 (internal quotations omitted).

Like the co-employees in Allen, Wise and Murray were employed and insured by a corporation in one state, Nevada, and involved in a accident in a different state, Oregon. Although Oregon law governs tort recovery in this case, Nevada law controls claims related to or flowing from the underlying workers compensation claims, including defendants' claims for indemnity and contribution.

As stated above, both Wise and Murray, as employees of CK Trucking, a Nevada Corporation, received workers' compensation benefits from CK Trucking's workers' compensation carrier, Transguard Insurance Company. The Nevada Workers' Compensation statutory scheme provides that the rights and remedies provided under the workers' compensation statutes is exclusive of all other rights and remedies of the employee. Nev. Rev. Stat. 616A.020. The provisions of the Nevada Industrial Insurance Act (NIIA) are interpreted broadly to protect both the employee and the employer against common law tort actions. Antonini v. Hanna Indus., 94 Nev. 12, 573 P.2d 1184, 1186 (1978). Employees and

Page 7 - OPINION AND ORDER

employers are insulated by the provisions of the NIIA from liability to co-employees.

There is no dispute that plaintiff Wise and third-party defendant Murray were co-employees of CK Trucking at the time of the accident. It is also undisputed that Wise was in fact receiving workers' compensation benefits from Transguard. Therefore, pursuant to Nevada law, Wise could not maintain an action against his co-employee, third-party defendant Murray. The remedies provided under the workers' compensation statutes are his exclusive remedy.

Similarly, STI is a "statutory employer" under Nevada law. NIIA holds that subcontractors and independent contractors are accorded the status of "employees" under the explicit provisions of NRS 616A.210. That statue provides as follows:

> Except as otherwise provided in NRS 616B.603, subcontractors, independent contractors and employees of either shall be deemed to be employees of the principal contractor for the purpose of chapters 616A to 616D, inclusive, of NRS.

In determining whether an independent contractor is an "employee under the NIIA," the courts apply the "normal work test," articulated in Meers v. Haughton Elevator, 101 Nev. 283, 285, 701 P.2d 1006 (1985)(codified in NRS 616B.603). Statute 616B.603 provides as follows:

> (1) A Person is not an employer for purposes of chapters 616A to 616D, inclusive, of NRS if:
>     (a) He enters into a contract with another person

Page 8 - OPINION AND ORDER

>      or business which is an independent enterprise,
>      and
>      (b) He is not in the same trade, business,
>      profession or occupation as the independent
>      enterprise.
>
> (2) As used in this section, "independent
>     enterprise" means a person who hold himself out
>     as being engaged in a separate business and:
>     (a) Holds a business license or occupational
>     license in his own name; or
>     (b) Owns, rents or leases property used in
>     furtherance of his business.

Under the terms of the NIIA, an independent contractor is deemed an employee of the principal contractor and afforded the exclusive remedies and protections under the NIIA.

Here, STI entered into a contract with CK Trucking, an independent contractor, to provide leased vehicles and drivers to haul STI trailers.  CK Trucking is an "independent enterprise" within the meaning of NRS 616B.603 given that it was independently licensed and operated separately from STI.  STI and CK Trucking are, however, in the "same trade, business, profession, or occupation," which is interstate transportation. CK Trucking provided leased vehicles and drivers to STI for transportation and delivery of STI trailers throughout the United States.  STI did not have its own drivers to perform these duties. In <u>Hays Home Delivery v. Employer Ins. Co. of Nevada</u>, 117 Nev. 678, 31 P.3d 367 (2001), the court determined whether respondent Everett Green (operating under the name of E&L Movers) was a statutory "employee" of Hays Home Delivery Corporation

Page 9 - OPINION AND ORDER

which provided home delivery service of appliances, furniture and electronics nationwide for retailers. Hays entered into agreements with "owner-operator" drivers to deliver the merchandise instead of hiring drivers of its own. Hays entered into such an agreement with Green. Under this agreement, Green was an independent contractor who provided his own vehicles and carried his own liability and workers compensation coverages. Green alleged injury while making a delivery and submitted a claim to his personal insurance carrier, which was initially accepted. Green's relationship with Hays was subsequently terminated and his personal insurance coverages expired. Five months after his injury, Green submitted a workers' compensation claim to the workers' compensation carrier. At issue was whether Green was a statutory "employee" of Hays and therefore entitled to workers' compensation benefits under the provisions of the NIIA. The court applied the <u>Meers</u> test as codified in NRS 616B.603 and found that Green was an "independent enterprise" as defined by statute given that he held himself out as being engaged in a business separate from Hays. Although the court recognized that Hays and Green were in fact in the "same trade" of delivering merchandise from retailers and end-customers, and that Green performed work that would "normally be carried on through employees of Hays and not independent contractors." Nevertheless, the court held that an employment relationship

existed between Green and Hayes for purposes of the NIIA and that Green was entitled to workers' compensation benefits. Similar to Hays, STI did not have its own drivers to perform these duties. Therefore, under Nevada law, STI is deemed the "statutory employer" of CK Trucking and its employees, including Wise. As a result, STI is entitled to immunity from liability under the provisions of the NIIA.

This immunity extends to liability via contribution and indemnity to a third party. In Kellen, plaintiff filed suit against defendant Moore for injuries sustained in a motor vehicle accident. Moore filed a third-party complaint for contribution against plaintiff's co-employee and employer. The co-employee and employer filed a motion for summary judgment contending that they cannot be held liable for contribution or equitable indemnity. The court denied their motion and they initiated a mandamus proceeding with the Nevada Supreme Court. The Nevada Supreme Court granted the petition and issued a writ of mandamus compelling the district court to vacate its order denying the motion for summary judgment and to enter an order granting the motion. The Court held:

> Absent an independent duty owed to a third party, employers and co-employees are insulated by the provisions of the [NIIA], not only from liability to employees, but also from liability by way of indemnity to a third party.

Kellen v. Moore, 98 Nev. 133, 642 P.2d 600 (1982)(internal

Page 11 - OPINION AND ORDER

citation omitted). Similarly, the United States District Court for the District of Nevada applied NRS 616B.603(1) and NRS 616A.210(1) to find that an employer-employee relationship existed between a motor carrier and the driver hired by the subcontractor, the lessor of the tractor. <u>Employers Ins. Co. of Nevada v. United States</u>, 322 F.Supp. 2d 1116 (D. Nev. 2004). Applying these principals to the case at bar, third-party defendants Murray and STI are immune from liability as to third-party claims for indemnity and contribution filed by third-party plaintiffs. Therefore, third-party defendants' motion for summary judgment is granted.

## CONCLUSION

Third-Party defendants' motion for summary judgment (doc. 71) is granted. Plaintiff's motion for leave to file an amicus brief (doc. 75) is granted. Defendants' motion to strike (doc. 105) is denied. Finally, Third-Party defendants' request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

      Dated this __11__ day of December 2009.


                                      /s/ Ann Aiken
                                        Ann Aiken
                           United States District Judge