IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KARL WISE,                                    Civil No. 07-6342-AA
                                                   OPINION AND ORDER

        Plaintiff,

    vs.

SWIFT TRANSPORTATION CO., INC.,
a foreign corporation;
INTERSTATE EQUIPMENT LEASING
INC., an Arizona corporation;
and BRUCE MARK PISTONE,

        Defendants.

    vs.

SWIFT TRANSPORTATION CO., INC.,
a foreign corporation;
INTERSTATE EQUIPMENT LEASING
INC., an Arizona corporation;
and BRUCE MARK PISTONE,

        Third-Party Plaintiffs,


Page 1 - OPINION

            vs.

SPECIALIZED TRANSPORTATION,
INC., an Indiana corporation;
and STEVEN RODNEY MURRAY,
            Third-Party Defendants

            vs.

STEVEN RODNEY MURRAY,

            Third-Party Defendant/
            Counterclaim Plaintiff,

            vs.

SWIFT TRANSPORTATION CO., INC.,
a foreign corporation;
INTERSTATE EQUIPMENT LEASING
INC., an Arizona corporation;
and BRUCE MARK PISTONE,

            Third-Party Plaintiffs/
            Counterclaim Defendants

_____

Arthur C. Johnson
Derek C. Johnson
Michele C. Smith
Johnson, Clifton, Larson & Schaller, P.C.
975 Oak Street, Suite 1050
Eugene, Oregon 97401-3176
     Attorneys for plaintiff

Frank A. Moscato
JoLynn G. McCulloch
C. Robert Steringer
Harrang Long Gary Rudnick P.C.
1001 SW Fifth Ave., 16th Floor
Portland, Oregon 97204
     Attorneys for defendants, third-party
     plaintiffs and counterclaim defendants

AIKEN, Chief Judge:

     Plaintiff  moves for partial summary judgment pursuant to

Page 2 - OPINION

Fed. R. Civ. P. 56 for dismissal of defendants' first affirmative defense.  Plaintiff's motion is granted.

BACKGROUND

Plaintiff, Karl Wise, filed suit against defendants Bruce Pistone, Interstate Equipment Leasing, Inc. (IEL), and Swift Transportation Co., Inc. (Swift) for personal injuries arising out of a tractor-trailer accident that occurred on February 10, 2007, near Pendleton, Oregon, on Interstate 84.  There is no dispute that plaintiff was injured in the accident.  Plaintiff has requested $13,500,000 in damages from defendants.  Defendants subsequently filed a third-party complaint against third-party defendants Specialized Transportation, Inc., and Steven Murray alleging indemnity and contribution.

On December 11, 2009, this court granted third-party defendants' motion for summary judgment finding they were immune from liability for contribution and indemnity by operation of Nevada's workers' compensation law.  In November 2010, this court granted third-party defendants' motion for entry of judgment of dismissal pursuant to Fed. R. Civ. P. 54(b), and dismissed third-party defendants Specialized Transportation, Inc., and Steven Murray from this lawsuit.

STANDARDS

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits

show that there is no genuine issue as to any material fact and
that the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(c).  Substantive law on an issue determines
the materiality of a fact.  T.W. Electrical Service, Inc. v.
Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th
Cir. 1987).  Whether the evidence is such that a reasonable jury
could return a verdict for the nonmoving party determines the
authenticity of a dispute.  Anderson v. Liberty Lobby, Inc., 477
U.S. 242, 248 (1986).

The moving party has the initial burden of establishing the
absence of a genuine issue of material fact.  Celotex Corp. v.
Catrett, 477 U.S. 317, 323 (1986).  If the moving party shows the
absence of a genuine issue of material fact, the nonmoving party
must go beyond the pleadings and identify facts which show a
genuine issue for trial.  Id. at 324.

Special rules of construction apply when evaluating summary
judgment motions: (1) all reasonable doubts as to the existence
of genuine issues of material fact should be resolved against the
moving party; and (2) all inferences to be drawn from the
underlying facts must be viewed in the light most favorable to
the nonmoving party.  T.W. Electrical, 809 F.2d at 630.

DISCUSSION

Plaintiff filed a motion for partial summary judgment on
defendants' first affirmative defense alleging that plaintiff, a

passenger, contributed to his injuries in the following ways:
failed to keep a lookout; failed to advise the driver, Steven
Murray, to operate the truck at a reasonable speed; failed to
warn Murray to maintain control of the truck; failed to warn
Murray of the hazard; failed to take action in response to
defendant Pistone's radio message; failed to pay attention to
ODOT warnings about the weather and driving conditions; and
failed to have the CB radio on and/or set to receive incoming
messages.

The parties do not dispute the following evidence: plaintiff
drove the truck from Everett, Washington to Ellensburg,
Washington where Murray took over the driving.  Plaintiff then
climbed into the sleeper berth until approximately five minutes
before the collision.  Plaintiff awoke when he felt the truck
downshift, lowering the speed as it pulled up to the grade of
Cabbage Hill.  Plaintiff then exited the sleeper berth, climbed
into the passenger seat, put on his seatbelt, and bent over to
put on his shoes.  When he finished putting on his shoes, he
looked up, and saw through the fog a trailer truck in their lane
of travel.  When he realized the truck was not moving, he
shouted, "look out!" at the same moment that driver Murray
swerved left and hit the left rear corner of the Swift truck with
the front corner of the STI truck. Plaintiff was ejected from the
truck and injured.

Page 5 - OPINION

I find that under Oregon law, plaintiff, as a passenger, did not have any of the "duties" listed above.  A co-driver who is off-duty at the time of a collision is considered a passenger. Such a passenger under Oregon law does not have a duty to keep a look-out or effect any control over the vehicle's operation. Eggiman v. Young, 260 Or. 261, 266-67, 490 P.2d 172 (1971).  See also, Brawner v. Richardson, 57 Or. App. 178, 181, 643 P.2d 1365 (1982)("In general a passenger has no duty to keep a lookout or to effect any control over the vehicle operation.").  "Save in exceptional situations, a guest or passenger in a vehicle is not required to keep a constant lookout or to see to it that he shall be in a condition do so."  Restatement (Second) of Torts, § 495 cmt. c (1965).  The only duty plaintiff had under Oregon law was to "exercise such care as an ordinarily prudent person would exercise under like circumstances"  for purposes of protecting his or her own safety.  Brawner, 57 Or. App. at 184.  In exercising ordinary prudent care, a passenger may "take his attention off the road to look at the scenery or may turn around to speak to a friend in the back, or he may go to sleep or read a book, without being guilty of contributory negligence." Restatement (Second) of Torts, § 495 cmt. c.  As the non-moving party, defendants have the burden to set forth specific facts demonstrating a genuine factual issue showing any exceptional circumstances.  Matsushita Elec. Indus. Co. v. Zenith Radio

Corp., 475 U.S. 574, 587 (1986).  Defendants fail to produce any
such evidence.  See Villiarimo v. Aloha Island Air, Inc., 281
F.3d 1054, 1061 (9th Cir. 2002)("[T]his court has refused to find
a 'genuine issue' where the only evidence presented is
'uncorroborated and self-serving testimony.'").  Here, just prior
to the collision, there is no dispute that plaintiff was asleep
in the sleeping berth.  Just five minutes prior to the collision,
plaintiff emerged, climbed into the passenger seat, fastened his
seatbelt and proceeded to bend down to put on his shoes.  When he
looked up and saw that the truck in their lane was not moving, he
shouted a warning, "look out!" to Murray. Plaintiff exercised the
ordinary prudent care reasonably expected of a passenger.

    As a matter of law, I fail to find any duty that plaintiff
breached while riding as a passenger in the truck.

CONCLUSION

    Plaintiff's motion for partial summary judgment (doc. 162)
is granted and defendants' first affirmative defense is
dismissed.  Oral argument is denied as unnecessary.
IT IS SO ORDERED.
    Dated this 14  day of January 2011.


                         /s/ Ann Aiken
                          Ann Aiken
                   United States District Judge


Page 7 - OPINION