FILED'11 MAR 11 10:41USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KARL WISE,

        Plaintiff,

   vs.

SWIFT TRANSPORTATION CO., INC.,
a foreign corporation;
INTERSTATE EQUIPMENT LEASING
INC., an Arizona corporation;
and BRUCE MARK PISTONE,

        Defendants.

Civil No. 07-6342-AA
OPINION AND ORDER

---

Arthur C. Johnson
Derek C. Johnson
Michele C. Smith
Johnson, Clifton, Larson & Schaller, P.C.
975 Oak Street, Suite 1050
Eugene, Oregon 97401-3176
    Attorneys for plaintiff

Frank A. Moscato
JoLynn G. McCulloch
C. Robert Steringer
Harrang Long Gary Rudnick P.C.

1001 SW Fifth Ave., 16th Floor
Portland, Oregon 97204
    Attorneys for defendants

AIKEN, Chief Judge:

Plaintiff Karl Wise moves for partial summary judgment pursuant to Fed. R. Civ. P. 56 for dismissal of defendants' second affirmative defense. Intervenor Transguard Insurance Company of America, Inc. joins plaintiff's motion. Plaintiff's motion is granted.

## BACKGROUND

Plaintiff filed suit against defendants Bruce Pistone, Interstate Equipment Leasing, Inc. (IEL), and Swift Transportation Co., Inc. (Swift) for personal injuries arising out of a tractor-trailer accident that occurred on February 10, 2007, near Pendleton, Oregon, on Interstate 84. Plaintiff filed a workers' compensation claim against his employer, Specialized Transportation, Inc. ("STI"), who is covered by Transgaurd Insurance Company of America, Inc. ("Transguard"). Transguard has paid out approximately $1 million in benefits and continues to pay out benefits for Temporary Total Disability and medical expenses associated with the accident.

Plaintiff has requested $13,500,000 in damages from defendants. Defendants filed a third-party complaint against third-party defendants STI and Steven Murray, alleging indemnity and contribution. In December 2009, this Court granted third-party defendants' motion for summary judgment finding they were immune from liability for contribution and indemnity by operation of Nevada's workers' compensation law. In November 2010, this

Court granted third-party defendants' motion for entry of judgment of dismissal pursuant to Fed. R. Civ. P. 54(b), and dismissed third-party defendants STI and Steven Murray from this lawsuit.

Subsequently, plaintiff filed a motion for partial summary judgment on defendants' first affirmative defense, which alleged that plaintiff's negligence contributed to his injuries. In January 2011, this Court granted plaintiff's motion and dismissed the defense. By court order, defendants were allowed to amend their answer to add a second affirmative defense identified as "Offset under Santisteven v. Dow Chem. Co." (the "Offset Defense")[1].

## STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determined the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

---

[1] Santisteven v. Dow Chem. Co., 362 F.Supp. 646, 648 (D.Nev. 1973); aff'd on other grounds, 506 F.2d 1216 (9th Cir. 1974).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

## DISCUSSION

Plaintiff filed a motion for partial summary judgment on defendants' second affirmative defense. Defendants allege that plaintiff's judgment against defendants must be reduced by the amount of workers' compensation benefits paid if plaintiff's employer was in any way negligent in causing the accident.

It is undisputed that Nevada law governs this issue. Additionally, it is undisputed that there is no genuine issue with respect to any material fact in this case. Thus, the only issue before this Court is whether the Offset Defense exists under Nevada law.

I. Legal Background

Before analyzing the merits of plaintiff's motion, this Court reviews the relevant legal background concerning workers' compensation in Nevada.

A.  Nevada's Industrial Insurance Act

It is undisputed that provisions of the Nevada Industrial Insurance Act (NIIA) govern this issue. See Nev. Rev. Stat. Ch. 616. The NIIA is interpreted broadly to protect both the employee and employer against common law tort actions. Antonini v. Hanna Indus., 94 Nev. 12, 14, 573 P.2d 1184 (1978). The NIIA provides the exclusive remedy of an employee against his employer for workplace injuries, and limits an employer's liability to the workers' compensation benefits paid to the injured employee. Nev. Rev. Stat. § 616A.020; see also Harris v. Rio Hotel & Casino, Inc., 117 Nev. 482, 483, 25 P.3d 206 (2001). In addition, the NIIA permits the employer and its insured to place a lien, in the amount of workers' compensation benefits paid, on any damages recovered by a plaintiff in an action against a third-party. See Nev. Rev. Stat. §§ 616C.215(2).(a), 616C.215(5).

B.  Santisteven's Offset Defense

In Santisteven, an employee brought a negligence action against a third-party chemical supplier to recover for injuries which he sustained in the course of his employment. Santisteven v. Dow Chem. Co., 362 F.Supp. 646, 648 (D.Nev. 1973); aff'd on other grounds, 506 F.2d 1216 (9th Cir. 1974). The supplier filed a third-party complaint against plaintiff's employer and joined the employer's workers' compensation insurer as third-party defendant, alleging that if liable, defendant "should nevertheless have the benefit as a credit against the judgment of any compensation paid plaintiff by [workers' compensation]" because the employer's negligence was the proximate cause of the

accident. Id. at 650.

The district court, having found no Nevada decisions on the issue, turned to case law from other jurisdictions. Id. ("we have a problem on which the Nevada Supreme Court has not spoken. Nor do we find guidance by way of dicta in the state decisions. We cannot find any interpretation of N.R.S. § 616.560 in the published opinions"). The court ultimately adopted the offset rule from Lovette and Witt. Id. at 651; see Lovette v. Lloyd, 236 N.C. 663, 73 S.E.2d 886 (1953); Witt v. Jackson, 57 Cal.2d 57, 366 P.2d 641 (1961). These cases hold that if the employer's concurring negligence caused employee's injuries, the insurer's right of subrogation is eliminated and the amount of employee's recovery is reduced by the amount of compensation paid. Santisteven, 362 F.Supp. at 651.

C. Post-Santisteven Amendments to Nevada's Industrial Insurance Act

Santisteven was decided in 1973. At that time, Nevada was a state with contributory negligence. In 1976, John R. Reiser, Chairman of the Nevada Industrial Commission (NIC), introduced Senate Bill 12 to the Nevada Legislature in order to clarify the NIC's subrogation rights in third party actions. See Labor and Management Committee Meeting Minutes, S.B. 12, 59th Leg. Sess. (Nev. 1977). By that time, Nevada had switched to comparative fault. See Nev. Rev. Stat. § 41.141. However, NIC remained the sole provider of workers' compensation insurance.

In support of the measure, Chairman Reiser explained that the Offset Defense "would defeat NIC's lien on any third party

recovery if any negligence could be attributed to the employer. The proposed revision . . . would specifically deny the applicability of the Witt v. Jackson doctrine in Nevada worker's compensation cases." Fiscal Note, S.B. 12, 59th Leg. Sess. (Nev. 1977). Both houses of the Nevada Legislature voted unanimously to adopt Senate Bill 12 and passed it into law on March 26, 1977. As a result, the NIIA was amended to read (amendments italicized):

> 1. When an employee coming under the provisions of this chapter receives an injury for which compensation is payable under this chapter and which injury was caused under circumstances creating legal liability in some person, other than the employer or a person in the same employ, to pay damages in respect thereof:
> (a) The injured employee . . . may take proceedings against that person to recover damages, but the amount of the [workers'] compensation to which the injured employee . . . [is] entitled under this chapter shall be reduced by the amount of damages recovered, *notwithstanding any act or omission of the employer of a person in the same employ which was the direct or proximate cause of the employees injury.* . .
> 2. In any case where the commission is subrogated to the rights of the injured employee . . . as provided in subsection 1, the commission *has* a lien upon the total proceeds of any recovery from some person other than the employer, whether the proceeds of such recovery are by way of judgment, settlement or otherwise. The injured employee . . .[is] not entitled to double recovery of the same injury, *notwithstanding any act or omission of the employer of a person in the same employ which was the direct or proximate cause of the employees injury.*

Nev. Rev. Stat. §§ 616.560(1)(a), 616.560(2) (currently Nev. Rev. Stat. §§ 616C.215(2)(a), 616C.215(1)(b)).

II. <u>Analysis</u>

Defendants' rely on <u>Santisteven</u> for their second affirmative defense. Plaintiff argues that <u>Santisteven</u> contradicts Nevada law and practice, as well as the policy underlying the NIIA, and therefore, defendants' affirmative defense should be dismissed.

Specifically, plaintiff contends that the 1977 legislative history and amendments explicitly invalidated the Offset Defense. As such, the Offset Defense contravenes current Nevada law, established by the fact that Santisteven has never been followed by any Nevada court since the 1977 amendment. Further, plaintiff alleges that the reduction of judgment proposed by defendants is essentially a contribution claim by a third party against the immune employer, which this Court has forbidden. See Order and Opinion, Dec. 11, 2009 (doc. 113). Plaintiff also argues that Nevada does not allow apportionment of fault against non-parties, which the Offset Defense requires. See Warmbrodt v. Blanchard, 100 Nev. 703, 708-9, 692 P.2d 1282 (Nev. 1984)(district court erred in instructing jury to consider and apportion negligence of non-parties); see also Nev. Rev. Stat. § 41.141. Finally, plaintiff argues that allowing the offset would produce an impermissible double reduction of plaintiff's third-party recovery.

Defendants contend that the Offset Defense is necessary to avoid the inequity that would occur if defendants were held responsible for all of plaintiff's injuries even if plaintiff's co-driver and employer bear the majority of fault. Defendants make three arguments in support of their contention.

First, defendants assert that the Offset Defense is not abrogated by statute, since the 1977 legislative history never mentions Santisteven. Defendants are correct that Santisteven is not expressly referenced; however, Witt is mentioned by name. I find that the offset schemes in Santisteven and Witt are

indistinguishable, and accordingly the failure to mention Santisteven is not dispositive of this issue. Compare Santisteven, 362 F.Supp. at 651, Witt, 366 P.2d at 649-50.

Second, defendants contend that the NIIA's exclusive remedy provision does not apply to the offset in Santisteven. Defendants assert that the exclusive remedy provision and the Offset Defense are functionally distinct, and as such, are consistent. Namely, the NIIA was meant to preclude claims directly against the employer, while the Offset Defense was intended to provide relief to a third party who otherwise would be unfairly burdened with the full financial responsibility of an accident that was caused by the employer.

Third, defendants argue that the 1977 amendments adopted pursuant to Senate Bill 12 had a different purpose than plaintiff alleges. Defendants assert that the amendments prevent double recovery by an injured worker, but say nothing about denying a third-party the right to an offset. As such, defendants argue that the amendments in question have no relevance to this case.

I find that the language added during the 1977 amendment is not decisive on the issue of offset for an employer's contributing negligence. While the legislative history provides evidence that the purpose of the amendment was to abrogate the Offset Defense, I agree with defendants that the language that was ultimately added is not a clear abrogation of Santisteven. The amendments in question could reasonably be interpreted as stating that an injured employee is not entitled to double recovery "notwithstanding any act or omission of the employer or

a person in the same employ."

Regardless, I find that the Offset Defense is not viable under current Nevada law. Plaintiff's interpretation of the 1977 amendment is consistent with the purpose of the NIIA, which is to encourage employer compliance with workers' compensation statutes by providing immunity from suit. Despite defendants' assertions to the contrary, I find that the proposed offset contradicts this exclusive immunity granted to the employer that provides workers' compensation coverage in compliance with Nevada law. Further, the Offset Defense, which punishes the employer for concurrent negligence, is similar to defendants' claims for contribution and indemnity that this Court has already denied.

Moreover, as noted above, Santisteven has never been followed by any Nevada court after the 1977 amendment. Despite defendants repeated contention that Santisteven is the current state of the law because it has never been directly overruled, the fact that it has not been followed in over thirty years is strong evidence that Nevada does not recognize the Offset Defense. Further, Santisteven was merely a ruling by the District Court of Nevada attempting to predict what the Nevada Supreme Court would do with the issue of apportionment for employer negligence. At least one recent Nevada Supreme Court decision concluded that Santisteven is not determinative on the issue of offset for an employer's negligence. See Am. Home Assurance v. Eigth Judicial Dist. Court, 122 Nev. 1229, 1243 n.47, 147 P.3d 1120 (2006) ("this court has never determined whether, in Nevada, an insurer's reimbursement from third-party

proceeds may be impacted by the employer's concurrent negligence").

Finally, Santisteven was decided when Nevada was a contributory negligence state. Therefore, any negligence on behalf of the employer, even if it was nominal, was enough to trigger the Offset Defense. Nevada has subsequently become a comparative negligence state. See Nev. Rev. Stat. § 41.141. As such, there currently exists no procedure by which a jury could decide the fault of the employer. Regardless, any conceivable procedure would require a jury to allocate fault between defendants and non-parties STI and Rodney Murray. Nevada, however, does not allow apportionment of negligence between non-parties. Banks ex. rel. Banks v. Sunrise Hosp., 120 Nev. 822, 844-5 n.61, 102 P.3d 52 (2004) (citing Warmbrodt). This Court previously declined to add plaintiff's employer and co-employee as third-party defendants, and as such, their negligence cannot be considered, rendering defendant's Offset Defense futile.

Accordingly, plaintiff's motion for partial summary judgment is granted with respect to defendants' second affirmative defense.

### CONCLUSION

Plaintiff's motion for partial summary judgment (doc. 166) is GRANTED. Defendants' motion to strike (doc. 270) is DENIED. The parties' requests for oral argument are DENIED as unnecessary.

IT IS SO ORDERED.

Dated this 10th of March 2011.

_____
Ann Aiken
United States District Judge